THE STATE OF OHIO, APPELLANT, *v.* ARNETT, APPELLEE.

[Cite as State *v.* Arnett (1986), 22 Ohio St. 3d 186.]

(No. 85-901—Decided February 26, 1986.)

*Lynn Alan Grimshaw,* prosecuting attorney, and *R. Randolph Rumble,* for appellant.

*Roger L. Clark* and *Joseph Hale,* for appellee.

WRIGHT, J. The sole issue raised in this appeal is whether the state may seek leave to appeal an order under R.C. 2945.67 after a jury has returned a verdict of acquittal. R.C. 2945.67(A) provides:

"A prosecuting attorney * * * may appeal *by leave of the court* to which the appeal is taken *any* other decision, except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.)

A comparable situation was presented to this court in *State* v. *Keeton* (1985), 18 Ohio St. 3d 379. In that case, the trial court entered judgments of acquittal and the state sought leave to appeal various evidentiary rulings that it contended were erroneous. The court of appeals dismissed the

appeals claiming it lacked jurisdiction because a final verdict had been issued.

This court held at 381:

"A directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute.

"However, the evidentiary rulings in this case, while they do not fall within the provisions of R.C. 2945.67(A) granting an appeal as of right, do fall within the language of 'any other decision, except the final verdict * * *' in R.C. 2945.67(A) which permits an appeal to the court of appeals after leave has first been obtained.

"The state in seeking 'appeal by leave of the court to which the appeal is taken' under R.C. 2945.67(A) must follow the procedure outlined in *State* v. *Wallace* (1975), 43 Ohio St. 2d 1 [72 O.O.2d 1]. This includes compliance with App. R. 5(A). Under these procedural guidelines the court of appeals in this cause must decide, upon remand, whether in its sound discretion the state should be granted leave to appeal the above-mentioned decision of the trial court."

Accordingly we reiterate that, pursuant to R.C. 2945.67(A), a court of appeals has jurisdiction to grant the state leave to appeal from a decision of the trial court on the admissibility of evidence, notwithstanding the acquittal of the defendant.

Thus, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., and SWEENEY, J., dissent.

CELEBREZZE, C.J., dissenting. This court has long observed that "[u]nless permitted by statute, the weight of authority in this country is against the right of the government to bring error in a criminal case." *State* v. *Simmons* (1892), 49 Ohio St. 305, 307. See, also, 27 Ohio Jurisprudence 3d (1981) 764, Criminal Law, Section 1433. In recognition of the importance of allowing appellate review of certain trial court decisions which are adverse to the position of the prosecution, the General Assembly enacted R.C. 2945.67 as an exception to the general rule. Our task therefore is to determine what trial court rulings may be reviewed under this legislative grant and the appropriate time for the state to appeal decisions alleged to be erroneous.

Practical considerations, necessitated by the vital constitutional provision against double jeopardy, lead to a conclusion that appellate review of trial court decisions following a judgment of acquittal are useless, or, at best, suspect because the cause is moot. The apparent purpose behind the enactment of R.C. 2945.67 is to authorize appeals by the state in a manner which does not defeat double jeopardy principles and which also preserves the longstanding judicial policy prohibiting advisory opinions.[1] Both goals can be achieved if R.C. 2945.67 is construed to authorize the state to seek leave to appeal from interlocutory rulings at the time they occur and before a judgment of acquittal has been entered which may render the question moot, as occurred in the case at bar. This was the procedure followed in *State* v. *Ferman* (1979), 58 Ohio St. 2d 216 [12 O.O.3d 206]. Moreover, the statute unquestionably grants a mid-trial appeal as of right when the evidentiary determination "* * * renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *." *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, syllabus. It is entirely consistent to authorize a discretionary mid-trial appeal where the evidentiary rulings under consideration are not so unambiguously detrimental to the state's case.

In *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, 70 [44 O.O.2d 50], this court affirmed the court of appeals' judgment that the predecessor to R.C. 2945.67 did not authorize an advisory opinion where the defendant was not in jeopardy. The policy against rendering advisory opinions was discussed by Justice Schneider at 77, as follows: "* * * the problem is not a want of jurisdiction, but one of the 'objectionable consequences that would result from such an exercise of jurisdiction,' * * * quoted in *United States* v. *Evans*, 213 U.S. 297, 53 L. Ed. 803, 29 S. Ct. 507 * * *: ' "The appellee in such case, having been freed from further prosecution by the verdict in his favor, has no interest in the question that may be determined in the proceedings on appeal and may not even appear. Nor can his appearance be enforced. Without opposing argument, which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard on all questions affecting their rights, and it is a harsh rule that would bind them by decisions made in what are practically 'moot' cases *where opposing views have not been presented.*" ' (Emphasis supplied.)" *Id.* Indeed, Justice Brandeis once observed that "[a] judge rarely performs his functions adequately unless the case before him is adequately presented."

---

[1] The established policy in Ohio prohibits appellate courts from rendering advisory opinions. *White Consolidated Industries* v. *Nichols* (1984), 15 Ohio St. 3d 7; *Cascioli* v. *Central Mut. Ins. Co.* (1983), 4 Ohio St. 3d 179, 183; *Armco, Inc.* v. *Pub. Util. Comm.* (1982), 69 Ohio St. 2d 401, 406 [23 O.O.3d 361].

R.C. 2945.67 provides that the state may appeal certain enumerated "decisions" of the trial court "as a matter or [of] right." We have recently held that such appeals may immediately ensue at the time the alleged error is made. *State* v. *Davidson, supra.* However, R.C. 2945.67 also provides that the state may, "by leave of the court," seek review of any other "decision." Similarly, we have held that the state can seek discretionary appellate review of such other decisions after the trial court has entered its interlocutory order. *State, ex rel. Corrigan,* v. *Griffin* (1984), 14 Ohio St. 3d 26.[2]

Moreover, in my view today's decision runs counter to several important public policy considerations. Undoubtedly, Ohio's appellate judges, clerks of court, and their respective support staffs will suffer the burden of having their dockets swelled by advisory reviews. Litigants in other causes, which involve viable justiciable controversies, will have their day in court delayed while the reviewing panel sitting in a "moot court" capacity considers academic disputes.

County commissioners and taxpayers will be called upon for the financial support necessitated by these mock appeals at a time when many local taxing authorities are already plagued with budgetary dilemmas.

In most instances, the vindicated defendant will in all probability elect to "opt out" of the appellate proceeding because he or she no longer has a stake in the outcome, the judgment of acquittal no longer being in contention. If a defendant does elect to participate, it is doubtful that the opposition will be vigorous in most cases. Frequently, new court-appointed and publicly funded counsel will be necessary to present the counter-argument to the prosecutor's assignment(s) of error. One threshold predicament facing the new attorney is that there will not be a client to represent. It will be difficult for even the most competent legal counsel to be an effective and zealous advocate for a phantom appellee. *A priori,* the decision of the appellate court will not be a product of the adversarial process, the bedrock of jurisprudence, but rather will merely reflect the results of an abstract legal debate.

Finally, it must be remembered that future litigants (both civil and criminal since the questions of law resolved on appeal will often apply to both) may find themselves bound by judicial precedent from the advisory opinions of the appellate court(s) — or will these moot decisions in fact amount to *obiter dictum?*

In my opinion, any proper construction of R.C. 2945.67 should provide

---

[2] In *Griffin, supra,* the state sought a writ of prohibition to prohibit a trial court judge from enforcing a discovery order arising during the midst of a murder trial. Although, as in this case, the state could not have sought an appeal as of right pursuant to R.C. 2945.67, we nevertheless denied the requested writ. The court reasoned in part that the state "* * * could have sought leave to appeal pursuant to R.C. 2945.67, wherein any errors with respect to * * * [the discovery] order could have been raised." *Id.* at 27, approved and followed in *State, ex rel. Lighttiser,* v. *Spahr* (1985), 18 Ohio St. 3d 234, 235.

the prosecution with leave to appeal trial court decisions without also disturbing the court's policy against rendering advisory opinions. Accordingly, in this case I would affirm the judgment of the court of appeals which held that the judgment of acquittal precluded it from granting the state leave to appeal the evidentiary orders.

SWEENEY, J., concurs in the foregoing dissenting opinion.

