## State v. Damico
*[Cite as 3 AOA 6]*

*Case No. C-880730*
*Hamilton County (1st)*
*Decided May 23, 1990*

*Richard A. Castellini, City Solicitor, Terrence R. Cosgrove, City Prosecutor, and Melanie J. Reising, Esq., Room 200, 230 East Ninth Street, Cincinnati, Ohio 45202, for Plaintiff-Appellant.*

*George W. Clark, Esq., Hamilton County Public Defender's Office, Room 211, Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Defendant-Appellee.*

GORMAN, J.

The state was granted leave to appeal from the trial court's judgment of not guilty entered *sua sponte* after the court granted a new trial to the defendant-appelle, Esther Damico. In its single assignment of error the state contends that the trial court's *sua sponte* finding of not guilty without a second trial was in violation of Crim. R. 33(D) and R.C. 2945.82. We find that the state's appeal is effectively precluded by R.C. 2945.67(A) because it involves what is, in essence, a final verdict, and that, therefore, it must be dismissed.

Following a bench trial in which the prosecutor and defense counsel read into the record an agreed statement of stipulated facts, the trial court found the defendant guilty of drug abuse, a third-degree misdemeanor, in violation of R.C. 2925.11, and fined her $1 and costs. Twenty-six days later the trial court conducted a hearing on the defendant's motion for a new trial.[1] The state did not challenge the timeliness of the motion for a new trial under Crim. R. 33, the manner in which it was raised, or the trial court's decision to grant it. The prosecutor, upon the granting of the motion by the trial court, simply requested the trial court to recuse itself and to set the case for trial before another judge so that the state could offer, through the same witnesses, additional evidence relevant to defendant's knowledge that the controlled substance was contraband.

After hearing arguments, the trial court granted the defendant's motion for a new trial and despite the urging of the prosecutor to set the matter for trial, proceeded to enter a finding of not guilty, stating:

"The new trial can simply be a review of the same facts, and the case has been submitted. I think that's the proper thing to do. * * *. " T.p. 15.

The state argues that the trial court was required to conduct a second trial pursuant to Crim. R. 33(D) and R.C. 2945.82,[2] which respectively state:

"[W]hen a new trial is awarded on appeal, the accused shall stand trial upon the charge or charges of which he was convicted.

"When a new trial is granted by the trial court * * * the accused *shall* stand for trial upon the indictment or information *as though there had been no previous trial thereof.*" (Emphasis added.)

Although R.C. 2945.82 does not refer to "complaint," R.C. 2931.15, relative to prosecu-

tions for misdemeanors, provides that a new trial can be granted "in like manner and for like reasons provided by section 2945.79 to 2945.83."[3]

Historically, the state enjoyed no right of appeal. Because of the disparity between the rights of the accused and the accuser, the legislature adopted 2945.67(A), *State v. Davidson* (1985), 17 Ohio St. 3d 132, 477 N.E.2d 1141, which states:

"A prosecuting attorney * * * may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to Sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

While the Ohio Supreme Court has held that appellate courts have jurisdiction to grant the state leave to appeal "any other decision" in addition to those specifically mentioned in R.C. 2945.67(A), *State v. Arnett* (1986), 22 Ohio St. 3d 186, 489 N.E.2d 284, an appellate court is effectively precluded from altering a final verdict or judgment by the double Jeopardy Clause. *State v. Keeton, supra.*

Those areas in which the legislature has specifically authorized the state to appeal pursuant to R.C. 2945.67(A) involve the correction of errors in interlocutory matters and do not implicate the Double Jeopardy Clause. *Burks v. United States* (1978), 437 U.S. 1, 98 S. Ct. 2141; *State, ex rel. Yates, v. Court of Appeals, supra.* Such interlocutory concerns are to be distinguished from what occurs when a court grants a new trial due to the legal insufficiency of the evidence. In the latter instance, the state is deemed to have been given a fair opportunity to present its proof, and when there is a failure of proof, the Double Jeopardy Clause works to preclude a second "bite at the apple" by denying the state another opportunity to provide the evidence it failed to assemble and present in the first trial. *Burks, supra,* at 11, 16, 98 S. Ct. 2147, 2149-2150; *Wang v. Withworth* (C.A. 6, 1986), 811 F.2d 957.

Implicity, the state argues that jeopardy did not attach herein because the trial court did not swear witnesses or take testimony after granting the new trial, which, it reasons, placed the

charge against defendant in the posture "as though there had been no previous trial." The argument is justified under the following language in *State v. Calhoun* (1985), 18 Ohio St. 3d 373, 377, 481 N.E.2d 624, 628:

"The purpose of the Double Jeopardy Clause is to preserve for the defendant acquittals or favorable factual determinations but not to shield from appellate review erroneous legal conclusions not predicated on any factual determinations."

The Supreme Court on similar facts, however, held that the Double Jeopardy Clause precluded a second trial in *Hudson v. Louisiana* (1981), 450 U.S. 40, 101 S. Ct. 70. The court in *Hudson* evaluated the statements of the trial judge, and concluded that he had granted a new trial because, in his opinion, the state had failed to establish the elements of the crime as a matter of law.

Therefore, an appellate court must look behind the trial court's announced findings to determine if in reality its judgment acquitting the defendant was on grounds of insufficiency, a question of law, of manifest weight of the evidence, a question of fact, which does not preclude the defendant's retrial under the Double Jeopardy Clause. After reviewing the trial court's statements in the case *sub judice*, we conclude, as did the court in *Hudson,* that the ruling was predicated upon the legal insufficiency of the evidence rather than upon the manifest weight of the evidence. See *State v. Abi-Sarkis* (1988), 41 Ohio App. 3d 333, 337, 535 N.E.2d 745, 750. Consequently, the Double Jeopardy Clause bars the state's prosecution of the defendant in a second trial, and our order granting the state leave to appeal was improvidently granted.

*Appeal dismissed.*

KLUSMEIER, P.J., and HILDEBRANDT, J., Concur.

---

[1] Within fourteen days from the discharge of the jury and upon motion after a guilty verdict, the trial court can acquit the defendant under Crim. R. 29, and the state is not entitled to appeal the judgment of acquittal by leave. *State, ex rel. Yates, v. Court of Appeals* (1987), 32 Ohio St. 3d 30, 512 N.E.2d 343. The record does not include a written motion for a new trial, and since the trial court did not act within fourteen days from the judgment, this motion cannot

be recast as a motion for judgment of acquittal. *State v. Keeton* (1985), 18 Ohio St. 3d 379, 481 N.E.2d 629.

[2] Where a statute is not conflict with a rule adopted under authority of Section 5(B), Article IV, Ohio Constitution, the statute remains effective to prescribe procedure. *State v. Tate* (1979), 59 Ohio St. 2d 50, 391 N.E.2d 738, certiorari denied *sub nom. Ohio v. Tate* (1979), 444 U.S. 967, 100 S. Ct. 456. The limitation imposed on R.C. 2945.82 by adoption of Crim. R. 33(D) relates to multiple-count indictments by virtue of the rule's reference to the "charge or charges of which he was convicted," thereby prohibiting retrial of a defendant on those counts of the indictment on which he was found not guilty.

[3] Trial courts no longer have unlimited discretion to change their judgments. In *Hugo v. Guardianship Program of Dade County, Inc.* (July 22, 1987), Hamilton App. No. C-860494, unreported, we said:

"The weight of authority leads us to conclude that the inherent power to alter judgments which courts formerly possessed did not survive the enactment of the Rules [of Civil Procedure]."