JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to R.C. 2945.67, the State of Ohio appeals from the judgment of acquittal entered by the trial court following the discharge of the jury. For the reasons set forth below, we conclude that the state is appealing a final verdict, which is not permitted under the statue, and we therefore dismiss this appeal.
 {¶ 2} On November 2, 2005, defendant was indicted for kidnapping and felonious assault following an alleged altercation with an individual whom she suspected of harming her son. The matter proceeded to a jury trial on July 12, 2006. The state's evidence indicated that defendant's son complained that the victim had harmed him and also complained that the victim took video game components from him. According to the state's witnesses, the victim, who had a troubled relationship *Page 2 
with his mother, was lured to a garage by defendant and then assaulted. The defense denied that the altercation took place and focused on various inconsistencies in the state's evidence. The jury subsequently acquitted defendant of felonious assault but convicted her of the kidnapping charge.
 {¶ 3} Following the discharge of the jury, the defense moved for a judgment of acquittal of the kidnapping charge pursuant to Crim.R. 29(C) and focused upon the victim's difficulties with his mother and inconsistencies among the state's witnesses. The trial court granted the motion and stated:
 {¶ 4} "* ** [F]or all the reasons that you've stated and the jury verdict of not guilty on felonious assault when all the testimony was that there was not a mark on this young man and in fact the Hudaks viewed him naked, he returned a victim impact statement indicating that [sic] — the following: That he suffered bruises to his ribs, back and hips, and had suffered some bleeding cuts."
 {¶ 5} The state now appeals and assigns two errors for our review.
 {¶ 6} The state's assignments of error assert that the trial court erred in granting the judgment of acquittal pursuant to Crim.R. 29(C) because it failed to view the evidence in a light most favorably to the state, impermissibly weighed the credibility of the victim, and considered a post-trial victim impact statement.
 {¶ 7} R.C. 2945.67 provides in relevant part as follows:
 {¶ 8} "A prosecuting attorney * * * may appeal by leave of the court to which *Page 3 
the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.)
 {¶ 9} Pursuant to this statute, "A court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." State v. Bistricky (1990),51 Ohio St.3d 157, 555 N.E.2d 644, syllabus. Thus, even in a case resulting in a judgment of acquittal, the prosecution may appeal from evidentiary rulings, such as admissibility of evidence, as such rulings fall within the language of "any other decision, except the final verdict" in R.C.2945.67(A), and the appellate court may exercise its discretion to decide whether it will accept or decline review of the matters of substantive law presented. State v. Arnett (1986), 22 Ohio St.3d 186,489 N.E. 2d 284.
 {¶ 10} Nonetheless, "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that `"[a] verdict of acquittal. . . could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution." United States v. Martin Linen Supply Co. (1977),430 U.S. 564, 570, 51 L.Ed. 2d 642, 97 S.Ct. 1349, citing United States v.Ball (1896), 163 U.S. 662, 671. As explained by the Martin Linen Court, "one thing that had always been clear was that no appeal could be taken by the Government from an acquittal no matter how erroneous the legal theory underlying the decision." *Page 4 
 {¶ 11} That is, where the basis of the state's appeal is that the trial court improperly acquitted the defendant of the charge, the defendant may not be retried even where "the acquittal was based upon an egregiously erroneous foundation." See Fong Foo v. United States (1962),369 U.S. 141, 143, 7 L.Ed. 2d 629, 82 S.Ct. 671. In that case, the government asserted that the trial court granted the judgment of acquittal by improperly relying upon "a supposed lack of credibility in the testimony of the witnesses for the prosecution who had testified up to that point." (Emphasis added). In rejecting the government's appeal, the Court stated, "the verdict of acquittal was final, and could not be reviewed . . . without putting [the petitioners] twice in jeopardy, and thereby violating the Constitution." Id, citing United States v.Ball (1896), 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300.
 {¶ 12} Similarly, with regard to appeals brought pursuant to R.C.2945.67, a directed verdict of acquittal by the trial judge in a criminal case is a "final verdict" within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. State v. Keeton (1985),18 Ohio St. 3d 379, 481 N.E. 2d 629. Likewise, a judgment of acquittal, entered by the trial court pursuant to Crim. R. 29(C), made after verdict or discharge of jury is a "final verdict" within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. State ex rel. Yates v. Court ofAppeals (1987), 32 Ohio St.3d 30, 512 N.E.2d 343. *Page 5 
 {¶ 13} In this matter, the state maintains that the trial court "misapplied the legal standard for a judgment of acquittal because it considered the victim's credibility." The state further asks this court to review this case de novo, and substitute its judgment for the trial court where appropriate. We conclude that this matter does not present an evidentiary ruling, such as admissibility of evidence, or other decision and instead is an appeal from the final resolution of this matter. We therefore conclude that the constitutional principle of double jeopardy precludes this court's review of the state's assignments of error. Therefore, as a matter of law, we decline to hear this matter.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. .
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1