THE STATE OF OHIO, APPELLANT, *v.* ROSS, APPELLEE.

[Cite as *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282.]

*Criminal procedure — Crim.R. 29(C) — Crim.R. 29 and 45(B) do not permit a defendant to file a motion to renew an already denied motion for acquittal outside the Crim.R. 29(C) time frame — Cause remanded.*

(No. 2009-1619 — Submitted September 15, 2010 — Decided December 28, 2010.)

APPEAL from the Court of Appeals for Summit County,

No. 21906, 184 Ohio App.3d 174, 2009-Ohio-3561.

_____

CUPP, J.

{¶ 1} This appeal presents the issue of whether a trial court, having denied a timely filed Crim.R. 29(C) motion for acquittal, may reconsider its ruling and grant the motion based on the defendant's renewed motion filed after the 14-day time period in Crim.R. 29(C) has expired.

{¶ 2} In this case, the trial court denied appellee Denny Ross's timely filed motion for acquittal pursuant to Crim.R. 29(C). However, well after the expiration of the time period for making a motion for acquittal under Crim.R. 29(C), Ross filed a supplemental memorandum urging the trial court to grant him an acquittal. The trial court then purported to grant what it characterized as Ross's motion for reconsideration of the court's previous order denying Ross's motion for acquittal. The state appealed, contending that the court of common pleas lacks jurisdiction to grant an untimely Crim.R. 29(C) motion for acquittal because Crim.R. 45(B) bars any extension of time not expressly provided for by Crim.R. 29(C), and any order purporting to grant acquittal outside the confines of Crim.R. 29(C) is void and unenforceable. The court of appeals affirmed. *State v. Ross*,

184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 25. We granted review. *State v. Ross*, 124 Ohio St.3d 1472, 2010-Ohio-354, 921 N.E.2d 244.

## I. Procedural History

{¶ 3}   In 1999, a Summit County grand jury indicted Denny Ross for the kidnapping, rape, murder, and aggravated murder of Hanna Hill and for tampering with evidence and abuse of a corpse. The indictment, as supplemented, alleged two aggravating circumstances — committing murder during a rape and committing murder during a kidnapping — making Ross eligible for the death penalty. See R.C. 2929.04(A)(7). During Ross's trial, the court granted in part Ross's motion for acquittal under Crim.R. 29(A), ordering dismissal of the kidnapping charge and the related death-penalty specification. At the close of all evidence, Ross again moved for acquittal on the remaining charges under Crim.R. 29(A), but that motion was denied.

{¶ 4}   Before the jury trial concluded, the trial judge granted a mistrial because of juror misconduct. The jury was discharged on October 28, 2000. The trial court then discovered that the jury had filled out some of the verdict forms to acquit (with regard to the charges of aggravated murder, murder, and rape), but the court did not accept those verdicts because the jury already had been discharged.

{¶ 5}   Within 14 days of the trial court's discharge of the jury, Ross renewed his motion for acquittal, under Crim.R. 29(C), on the remaining charges of aggravated murder, murder, rape, tampering with evidence, and abuse of a corpse. He also filed a motion to perfect the verdicts of acquittal and a motion to dismiss the case on double-jeopardy grounds. A different judge was appointed to preside over the case after the recusal of Judge Bond, the original trial judge. The new trial judge granted the motion to dismiss on double-jeopardy grounds and declined to rule on the other motions, including the Crim.R. 29(C) motion for acquittal. On direct appeal of the trial court's double-jeopardy ruling, the court of

appeals reversed and remanded the case for retrial. *State v. Ross*, 9th Dist. No. 20980, 2002-Ohio-7317, 2002 WL 31890088.[1]

{¶ 6} On September 10, 2003, after the court of appeals' decision and before the federal courts' final resolution of Ross's separate challenge to the mistrial in federal habeas corpus proceedings, the common pleas court in a one-page order denied Ross's motions for acquittal and to perfect the jury verdicts and scheduled the case for trial on November 17, 2003.

{¶ 7} On September 12, 2003, almost three years after the jury had been discharged after the mistrial, Ross filed a document entitled "defendant's supplemental memorandum in support of his motion to perfect the three unanimous verdicts of acquittal."[2] On October 3, 2003, the trial court issued an order to grant the state additional time to respond to Ross's September 12, 2003 filing and to permit oral argument and a hearing on the merits of Ross's motion to perfect the verdicts. In its October 3, 2003 entry, the trial court characterized Ross's September 12, 2003 filing as a motion to reconsider its order of September 10, 2003. A week later, the trial court issued an order granting Ross's motion to continue the trial and setting a scheduling conference for October 15, 2003.

---

1. In federal habeas corpus proceedings, Ross also challenged the decision to grant a mistrial, asserting that any retrial would violate his rights under the Double Jeopardy Clause. The federal district court granted habeas relief, *Ross v. Petro* (N.D.Ohio 2005), 382 F.Supp.2d 967, but the United States Court of Appeals for the Sixth Circuit reversed. See *Ross v. Petro* (C.A.6, 2008), 515 F.3d 653, certiorari denied, *Ross v. Rogers* (2009), ___ U.S. ___, 129 S.Ct. 906, 173 L.Ed.2d 109. The Sixth Circuit held that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, does not bar reprosecution of Ross after the mistrial. Id. at 671. The Sixth Circuit determined that the Ohio court of appeals' decision upholding the trial court's conclusion that there was a manifest necessity for the mistrial did not contravene clearly established federal law. Id. The issues regarding the propriety of the mistrial are not before us in this appeal.

2. Any reliance by Ross on statements allegedly made by the trial court judge during an ex parte conversation between counsel for Ross and the judge on September 11, 2003, regarding the court's direction to file a motion to permit argument on the just-denied motions for acquittal and to perfect verdicts, or to the effect that the trial court characterized its September 10 ruling as inadvertent, is misplaced, because any such statements do not appear in the record as having taken place at a conference or hearing of the trial court.

**{¶ 8}** On November 6, 2003, Ross filed a supplemental memorandum in support of his renewed motion for judgment of acquittal pursuant to Crim.R. 29. This was the first time after the September 10, 2003 order denying his motion for acquittal that Ross sought to renew his acquittal motion. In this filing, Ross urged dismissal of the rape charge and the aggravating circumstance of killing the victim in the course of committing a rape and requested the court to consider the state's recent posttrial notice of additional evidence, pursuant to *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, which cast doubt on some of the state's expert testimony at trial regarding the apparent bite marks found on the victim.

**{¶ 9}** The trial court held a hearing on Ross's motions, including his renewed motion for acquittal, on November 12, 2003. At that hearing, and in a written response to Ross's renewed motion, the state objected to the trial court's consideration of Ross's renewed motion on the ground that it was filed well after the 14-day deadline for such motions in Crim.R. 29(C). On November 26, 2003, Ross filed a second supplemental memorandum in support of his renewed motion for acquittal pursuant to Crim.R. 29. The trial court issued a written opinion purporting to reconsider its previous denial of Ross's motion for acquittal and acquitting Ross of the rape charge and the related death-penalty specification.

**{¶ 10}** The state filed both an appeal as of right and a motion for leave to appeal. In the motion, the state sought leave to appeal the judgment entry "*granting Defendant's Motion to Reconsider the court's Previous Denial of Defendant's Criminal Rule 29 Motion for Judgment of Acquittal*, and specifically granting the Defendant Judgment of Acquittal of the offense of Rape and the Death Specification." (Emphasis sic.) The court of appeals, in a brief order, granted without discussion the state's motion for leave to appeal under R.C. 2945.67(A).

{¶ 11} After the federal appellate court rejected Ross's double-jeopardy claims in his habeas petition, the Ninth District Court of Appeals considered the state's appeal of the order reconsidering denial of Ross's acquittal motion. The court of appeals held that the trial court's initial denial of Ross's motion for acquittal under Crim.R. 29(C) was not a final judgment under R.C. 2505.02(B), and because the denial was an interlocutory order, the motion could be reconsidered and granted. 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 12, 17, 25. The state appealed from that decision, and we granted review. 124 Ohio St.3d 1472, 2010-Ohio-354, 921 N.E.2d 244. The state asserts the following proposition of law: "The Court of Common Pleas lacks jurisdiction to grant an untimely Crim.R. 29(C) motion for acquittal because Crim.R. 45(B) bars 'any action' not expressly provided for by Crim.R. 29(C), and any order purporting to grant acquittal outside the confines of Crim.R. 29(C) is void and unenforceable."

## II. Analysis

{¶ 12} This appeal requires us to determine whether a trial court may reconsider a timely made, but previously denied, motion for acquittal pursuant to Crim.R. 29(C), if the defendant, after the 14-day deadline in that rule, renews the motion. Before we discuss that question, we address whether the state's appeal of the trial court's order reconsidering its denial of Ross's motion for acquittal was proper under R.C. 2945.67(A), which addresses state appeals in criminal cases.

### A

{¶ 13} The first question presented in this appeal is whether the trial court's order purporting to reconsider and grant Ross an acquittal on the rape charge and related death-penalty specification is an order from which the state may appeal pursuant to R.C. 2945.67(A). The state contends that the trial court lacked jurisdiction to enter an acquittal, so the trial court's order was not a "final

verdict" that R.C. 2945.67(A) prohibits the state from appealing. R.C. 2945.67(A) provides:

{¶ 14} "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, *and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case.*" (Emphasis added.)

1

{¶ 15} In addition to the orders that the statute specifies are appealable as of right, R.C. 2945.67(A) allows the state, by leave of court, to appeal "any other decision" in a criminal case "except the final verdict." In *State v. Keeton* (1985), 18 Ohio St.3d 379, 18 OBR 434, 481 N.E.2d 629, paragraph two of the syllabus, this court concluded that a "directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute."

{¶ 16} In *State ex rel. Yates v. Court of Appeals for Montgomery Cty.* (1987), 32 Ohio St.3d 30, 512 N.E.2d 343, syllabus, we held that a judgment of acquittal entered by the trial court pursuant to Crim.R. 29(C) is a final verdict within the meaning of R.C. 2945.67 and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. That was so even though the jury in that case had returned a guilty verdict so that a reversal of the acquittal, and resulting retrial of the defendant, would not have been prohibited by the Double Jeopardy Clause. Id. at 31-32, citing *United States v. Scott* (1978), 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65; *United States v. Wilson* (1975), 420 U.S.

332, 95 S.Ct. 1013, 43 L.Ed.2d 232. See also *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (an acquittal is an order that "represents a resolution, correct or not, of some or all of the factual elements of the offense charged"). The court in *Yates* explained: "The issue under Ohio law is not one of double jeopardy but rather whether a judgment of acquittal pursuant to Crim.R. 29(C) is a final verdict." 32 Ohio St.3d at 32.

{¶ 17} In *Yates*, this court granted a writ of prohibition to prevent the court of appeals from exercising jurisdiction over the state's attempted appeal of the acquittal. Because the appellate court was patently and unambiguously "without jurisdiction to act" to consider the state's appeal, the availability of a remedy by appeal did not prevent issuance of a writ of prohibition. See id. at 33.

{¶ 18} Among orders that are included within "any other decision, except the final verdict," and which the state may appeal by leave of court under R.C. 2945.67(A), are certain evidentiary rulings, see *State v. Arnett* (1986), 22 Ohio St.3d 186, 22 OBR 272, 489 N.E.2d 284, syllabus; orders granting a new trial on motion of a defendant, see *State v. Matthews* (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041, syllabus; and "substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed," see *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus.

{¶ 19} In *Bistricky*, the trial court dismissed drug-trafficking charges against five police officers on the basis that they were entitled to the exemption in R.C. 3719.14(B) (police officer is exempt from drug-sale prohibitions when the sale is a job duty). The state sought leave to appeal the determination that R.C. 3719.14(B) is not an affirmative defense and the trial court's ruling that the statutory exemption covered the sale and delivery of drugs. The state expressly conceded that double-jeopardy principles prohibited the retrial of defendants, but asserted that the court of appeals under R.C. 2945.67(A) could grant leave to

appeal the legal bases of the acquittal ruling. The court of appeals dismissed the appeal.

{¶ 20} On review, this court agreed that double-jeopardy principles prohibited retrial of the defendants, but noted that resolution of the legal issue of whether the appeal was permitted would not affect the bar to retrial. *Bistricky,* 51 Ohio St.3d at 158, 555 N.E.2d 644. We first concluded that the issue of whether a substantive legal determination underlying an acquittal was appealable by the state under R.C. 2945.67(A) was capable of repetition, yet evading review, so it was not moot despite the bar against retrying the defendants. Id. at 159. On the authority of *Keeton*, 18 Ohio St.3d 379, 18 OBR 434, 481 N.E.2d 629, and *Arnett*, 22 Ohio St.3d 186, 22 OBR 272, 489 N.E.2d 284, both of which allowed a state to file a discretionary appeal of certain evidentiary rulings in a criminal case, this court in *Bistricky* held that the state may seek leave to appeal the legal determination on the application and scope of the exemption statute, R.C. 3719.14, even though that determination led to the defendants' acquittals. We held that "a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results [sic] in a judgment of acquittal so long as the verdict itself is not appealed." 51 Ohio St.3d at 160.

{¶ 21} The question here is whether the prosecutor's appeal of the trial court's December 22, 2003 order is authorized under R.C. 2945.67(A) as an appeal of "any other decision, except the final verdict." The state's motion for leave to appeal provided that the state appealed from the common pleas court's "Judgment Entry of December 22, 2003, *granting Defendant's Motion to Reconsider the court's Previous Denial of Defendant's Criminal Rule 29 Motion for Judgment of Acquittal*, and specifically granting the Defendant Judgment of Acquittal of the offense of Rape and the Death Specification." (Emphasis sic.) The state did not expressly disavow an appeal of the judgment of acquittal itself.

To the contrary, the state included the trial court's order "granting the Defendant Judgment of Acquittal" within the description of its appeal and contends that although an acquittal otherwise would be a "final verdict" and thus not appealable under R.C. 2945.67(A), here the acquittal order was not a final verdict at all, because the trial court lacked jurisdiction to enter it. Cf. *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus. The court of appeals granted the state's motion for leave to appeal, stating only: "The motion for leave to appeal is granted."

2

{¶ 22} The state argues that *Carlisle v. United States* (1996), 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613, which construes Fed.R.Crim.P. 29(c), shows that the trial court's order granting Ross an acquittal is without jurisdiction and thus a nullity — not a true "final verdict" within the meaning of R.C. 2945.67(A).[3] The defendant in *Carlisle* had filed a postverdict motion for acquittal one day after the federal rule's seven-day deadline. Id. at 418. The trial court initially denied the motion but, before sentencing, reconsidered the motion and granted it. Id. The United States Supreme Court held that the untimely filed motion for acquittal under Fed.R.Crim.P. 29(c) did not authorize the trial court to grant an acquittal. Id. at 433. But the court in *Carlisle* did not consider whether a trial court had authority to reconsider an initial denial of a *timely* filed motion for acquittal under Fed.R.Crim.P. 29(c). In this case, unlike in *Carlisle*, Ross initially filed a timely motion for acquittal under Crim.R. 29(C).

{¶ 23} Contrary to the state's argument, the United States Supreme Court in *Carlisle* did not cast its ruling in jurisdictional terms. See *Kontrick v. Ryan* (2004), 540 U.S. 443, 454-455, 124 S.Ct. 906, 157 L.Ed.2d 867 ("this Court [in

---

3. Fed.R.Crim.P. 29(c) is in all relevant respects pertinent to this case identical to Crim.R. 29(C). See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 9 O.O.3d 401, 381 N.E.2d 184 ("The federal counterpart of Crim.R. 29(A) is Fed.R.Crim.P. 29"). The only difference is that motions under the federal rule must be made within seven days after dismissal of the jury and within 14 days under the comparable Ohio rule.

*Carlisle*] did not characterize [Fed.R.Crim.P. 29(c)] as 'jurisdictional' "). *Carlisle* thus does not support the state's argument that an order reconsidering a timely filed Crim.R. 29(C) motion is a "nullity" and "void and unenforceable."

{¶ 24} *Eberhart v. United States* (2005), 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14, sheds further light on the nature of the time limits in Crim.R. 29(C). In *Eberhart,* the court held that the time periods for motions in Fed.R.Crim.P. 29 and 33 provide "rigid claims-processing rules" but not a jurisdictional bar. Id. at 16. In that case, the defendant submitted a supplemental memorandum in support of his pending motion for acquittal or a new trial, including several new grounds for relief. Id. at 13. Eberhart's supplemental memorandum was filed well after the federal rule's seven-day time period for such motions. Instead of opposing the supplemental memorandum on untimeliness grounds, the government in the trial court opposed the new memorandum on the merits. The trial court granted a new trial based in part on the new, untimely raised grounds in Eberhart's supplemental memorandum, but the court of appeals reversed, concluding that the government could raise the untimeliness of the new trial motion for the first time on appeal because the rule's timelines were jurisdictional.

{¶ 25} The Supreme Court reversed:

{¶ 26} "Rule 33, like *Rule 29 * * *, is a claim-processing rule—one that is admittedly inflexible because of [Fed.R.Crim.P.] 45(b)'s insistent demand for a definite end to proceedings. These claim-processing rules thus assure relief to a party properly raising them*, but do not compel the same result if the party forfeits them. Here, where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited the defense." (Emphasis added.) Id. at 19.

{¶ 27} Thus, in *Eberhart*, the rule's strict time limitation could have prevented the trial court from considering the untimely supplemental material had the government timely objected to the fact that it had been filed out of rule.

**{¶ 28}** The state also contends that *United States v. Gupta* (C.A.11, 2004), 363 F.3d 1169, shows that the trial court lacked jurisdiction to reconsider and grant Ross's renewed motion for acquittal. In *Gupta*, the trial court had initially denied a timely filed Fed.R.Crim.P. 29(c) acquittal motion, but defendants, over a year later, moved to reconsider the denial of that motion, or in the alternative, for a new trial based on information not previously available. Months later, defendants filed supplemental materials in support of their renewed motion for acquittal or a new trial, and a year after that, the trial court granted the motion.

**{¶ 29}** The court of appeals in *Gupta* reasoned that when the trial court denied the timely filed motion for acquittal, "nothing remained to be done," except sentencing the defendants. Id. at 1174. The court of appeals treated the renewed motion as an untimely filed motion for acquittal or a new trial, which the appellate court concluded was beyond the trial court's authority to grant. Id. *Gupta* predated *Eberhart*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14, which undercuts *Gupta*'s characterization of Fed.R.Crim.P. 29(c)'s time limitation as jurisdictional.

**{¶ 30}** The state has not pointed to an independent reason under Ohio law to believe that Crim.R. 29(C)'s time limitations impose a jurisdictional bar as distinct from a rigid claim-processing rule. We accordingly decline to characterize the 14-day time limitation in Crim.R. 29(C) for making a motion for acquittal as jurisdictional.

**{¶ 31}** Therefore, the state's contention that the trial court's acquittal of Ross on the rape charge and related death-penalty specification is a nullity because the trial court was without subject-matter jurisdiction to enter it is incorrect. The question remains whether the state's appeal in this case was proper.

3

**{¶ 32}** As discussed above, an appeal of the judgment of acquittal itself is not authorized under R.C. 2945.67(A). *Yates*, 32 Ohio St.3d 30, 512 N.E.2d 343,

syllabus. Additionally, "subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause," and "[w]hen a successful postacquittal appeal by the prosecution would lead to proceedings that violate the Double Jeopardy Clause, the appeal itself has no proper purpose." *Smalis v. Pennsylvania* (1986), 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116; see also *Martin Linen Supply*, 430 U.S. at 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (an acquittal is an order that "represents a resolution, correct or not, of some or all of the factual elements of the offense charged").

{¶ 33} The state's appeal, which is limited pursuant to *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus, to the legal issue of the propriety of the trial court's reconsideration of its denial of a timely motion for acquittal under Crim.R. 29(C) when the motion is renewed after the rule's 14-day time period, is properly before us. This question is one that is capable of repetition, yet evading review. Id. at 159. The court of appeals exercised its discretion to hear and decide the state's appeal on that issue.

{¶ 34} Accordingly, we will answer the question whether the trial court properly reconsidered its previous decision to deny Ross's Crim.R. 29(C) motion for acquittal based on Ross's renewed motion for acquittal submitted more than 14 days after the jury was discharged.

*B*

{¶ 35} The court of appeals held that the trial court's September 10, 2003 order denying Ross's timely made motion for acquittal under Crim.R. 29(C) was not a final order under R.C. 2505.02 but an interlocutory order. The appellate court reasoned that as an interlocutory order, the order denying the acquittal motion could be reconsidered and granted. *Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 12, 17, 25.

1

**{¶ 36}** To determine whether a motion for acquittal may be renewed outside the time limitations of Crim.R. 29(C), we begin by examining the language of that rule.[4]

**{¶ 37}** The divisions of Crim.R. 29 set forth specific times when motions for acquittal may be made and decided. For example, Crim.R. 29(A) provides that the trial court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case. Crim.R. 29(B) provides that if a motion for acquittal is made at the close of all evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict.

**{¶ 38}** Crim.R. 29(C) provides that if a jury returns a guilty verdict or is discharged without having returned a verdict, "a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period." Crim.R. 45(B) further specifies that notwithstanding that rule's provision

---

4. {¶ a} Crim.R. 29 provides:

{¶ b} "(A) Motion for judgment of acquittal

{¶ c} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶ d} "(B) Reservation of decision on motion

{¶ e} "If a motion for a judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict.

{¶ f} "(C) Motion after verdict or discharge of jury

{¶ g} "If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury."

allowing trial courts to grant enlargements of time in a criminal case, "[t]he court may not extend the time for taking any action under Rule 23 [demand for a trial by jury], Rule 29 [motions for acquittal], Rule 33 [motions for a new trial], and Rule 34 [motions for arrest of judgment] except to the extent and under the conditions stated in them."

{¶ 39} While Crim.R. 29(C) does not expressly preclude reconsideration of an initial denial of a motion for acquittal, it provides a specific, limited (14-day) time frame within which to make a motion for acquittal after the jury is discharged or to renew an acquittal motion previously made during the trial. In conjunction with Crim.R. 45(B), Crim.R. 29(C) provides for enlargement of the 14-day time period specified in the rule for a posttrial motion for acquittal only when the trial court—acting within that 14-day period—grants a specific extension of that time period for making such a motion. No specific extension of time was made by the trial court in this case within the 14-day time period.

2

{¶ 40} The strict time limitations in Crim.R. 29 and 45(B) convince us that the rules do not permit a defendant to renew, outside Crim.R. 29(C)'s limited time frame, a motion for acquittal when the motion has been previously denied. The court of appeals in this case concluded otherwise, holding that an original timely filed Crim.R. 29(C) motion, once denied, may be reconsidered and granted because a denial of such a motion is an interlocutory order subject to revision before final judgment.

{¶ 41} The court of appeals determined that Crim.R. 57(B) permitted resort to footnote one in *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 423 N.E.2d 1105, in which we opined that Civ.R. 54(B) allows revision of civil-case interlocutory orders before final judgment. *Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 17. Crim.R. 57(B) provides: "If no procedure is specifically prescribed by rule, the court may

proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." In the court of appeals' view, Crim.R. 29 does not "specifically authorize" or "prohibit" reconsideration of an initial denial of a Crim.R. 29(C) motion, so *Pitts*, which authorizes reconsideration of civil interlocutory orders under certain circumstances, applies. *Ross* at ¶ 17.

**{¶ 42}** In *Pitts*, we held that a motion for reconsideration of a final judgment in a civil case is a nullity. A footnote in *Pitts* noted in dicta that interlocutory civil orders are subject to motions for reconsideration, based on Civ.R. 54(B), which specifies the procedure for judgments in civil cases involving multiple claims or parties. 67 Ohio St.2d at 379, 21 O.O.3d 238, 423 N.E.2d 1105, fn.1. Civ.R. 54(B) states that absent a determination that there is no just reason for delay, "any order or other form of decision [involving multiple claims or parties], however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties*." (Emphasis added.)

**{¶ 43}** In our view, Crim.R. 29, viewed in conjunction with Crim.R. 45(B), sufficiently specifies the procedure for motions for acquittal so that Crim.R. 57(B) does not permit resort to the Rules of Civil Procedure to fill the gap. For Crim.R. 57(B) to authorize resort to the rules of civil procedure for a particular matter in a criminal case, there must be "no procedure * * * specifically prescribed by [criminal procedural] rule." See also *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 (it is not necessary to look to the Civil Rules or other applicable law for guidance pursuant to Crim.R. 57(B) when a procedure "specifically prescribed by rule" exists). But Crim.R. 29 provides a detailed, specific procedure governing the time that motions for acquittal must be

made, and Crim.R. 45(B) does not allow any extensions of time for such motions other than those expressly set forth in Crim.R. 29. Even though Crim.R. 29(C) does not specifically address reconsideration of a denial of a motion for acquittal made pursuant to that division of the rule, it can hardly be said that "no procedure is specifically prescribed by rule" regarding the timing of Crim.R. 29(C) motions.

{¶ 44} The court of appeals' ruling in this case also provides no endpoint for a trial court's ability to reconsider its denial of a Crim.R. 29(C) motion for acquittal. Indeed, at oral argument before this court, counsel for Ross answered "yes" when asked if it was his view that a trial court may reconsider its denial of an acquittal motion at any time before the sentencing in the defendant's second trial. But that result would be at odds with the inflexible time limitations found in Crim.R. 29(C) and Crim.R. 45(B)'s "insistent demand for a definite end to proceedings." *Eberhart*, 546 U.S. at 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (construing Fed.R.Crim.P 29(c)).

{¶ 45} We thus conclude that Crim.R. 29 specifies the only time frame within which a motion for acquittal may be made and the procedure by which a trial court considers and rules upon such a motion. Accordingly, Crim.R. 57(B) does not authorize resort to the Rules of Civil Procedure to determine whether reconsideration of an order denying a motion for acquittal is permitted based on a renewed motion filed after the 14-day time period in Crim.R. 29(C).

3

{¶ 46} Ross filed his supplemental memorandum in support of his renewed motion for acquittal in November 2003 — over three years after the jury had been dismissed following the mistrial, and thus well after the 14-day time frame specified in Crim.R. 29(C). The state objected to the untimeliness of the supplemental memorandum and renewed motion. The supplemental memorandum did not relate back to any pending motion for acquittal, because the trial court had denied Ross's earlier, timely filed motion in September 2003. When the trial court

denied that timely filed motion, that motion was no longer pending before the trial court. Cf. *Gupta*, 363 F.3d at 1174.

**{¶ 47}** In the renewed motion, Ross urged the trial court to determine that information provided by the state after the trial (which cast doubt on the state's expert testimony at trial concerning bite marks on the victim) undercut the rape charge and the related death-penalty specification. At the November 12, 2003 hearing on the renewed motion for acquittal, defense counsel conceded that the new bite-mark evidence was not relevant to a Crim.R. 29 motion. It is unclear the extent to which Ross's argument about the new information concerning the bite-mark evidence influenced the trial court to grant the acquittal, but in reciting the evidence presented in support of the rape charge, that court noted in a footnote in the acquittal order that the "state has since conceded that the bite-mark expert testimony presented at trial was inaccurate." Regardless of whether the new information formed a basis for the trial court's decision, Ross's renewed motion presented that new information in a filing well outside Crim.R. 29(C)'s 14-day time limitation. Ross's earlier timely Crim.R. 29(C) motion had been denied and was no longer pending.

**{¶ 48}** We conclude that Ross's renewed motion for acquittal was effectively a new motion untimely filed outside the 14-day time period in Crim.R. 29(C). Because the state objected to the untimeliness of Ross's supplemental filings in the trial court, the renewed motion was not properly before the trial court and should have been denied.

**{¶ 49}** Accordingly, the trial court in this case erred in reconsidering its initial denial of Ross's motion for acquittal under Crim.R. 29(C) based on Ross's renewed motion filed well after the rule's 14-day time limitation for motions for acquittal.

### III. Conclusion

**{¶ 50}** For the above reasons, we hold that the trial court erred in granting reconsideration of its initial denial of Ross's Crim.R. 29(C) motion for acquittal based on a renewed motion filed outside the rule's time limit. Ross's supplemental memorandum in support of his renewed motion for acquittal, filed over three years after the jury had been dismissed in his first trial, was a new motion for acquittal filed well outside the 14-days-after-jury-dismissal time limitation in Crim.R. 29(C) for such motions. The motion should have been denied for untimeliness under Crim.R. 29(C). Accordingly, the court of appeals erred to the extent that it concluded that the trial court properly reconsidered Ross's renewed motion for acquittal.

**{¶ 51}** We have answered the substantive legal question presented in the state's proposition of law. However, pursuant to *Bistricky,* 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus, and *Yates*, 32 Ohio St.3d 30, 512 N.E.2d 343, syllabus, we do not disturb the trial judge's acquittal order because that order — as distinct from the substantive legal rulings underlying it — is not appealable under R.C. 2945.67(A).

**{¶ 52}** Because the trial court granted Ross an acquittal on only some of the charges remaining against him, we remand this case to the trial court for further proceedings not inconsistent with this opinion. See, e.g., *Smith v. Massachusetts* (2005), 543 U.S. 462, 469, 125 S.Ct. 1129, 160 L.Ed.2d 914, fn. 3 ("our cases establish that jeopardy may terminate on some counts, even as it continues on others").

Cause remanded to the trial court

for further proceedings.

PFEIFER, LUNDBERG STRATTON, CONNOR, and O'DONNELL, JJ., concur.

BROWN, C.J., dissents.

LANZINGER, J., dissents and would dismiss the appeal as having been improvidently accepted.

JOHN A. CONNOR, J., of the Tenth Appellate District, sitting for O'CONNOR, J.

_____

**BROWN, C.J., dissenting.**

{¶ 53} The court of appeals cogently summarized the issue now before this court as follows: "[W]hether, once a trial court has denied a motion for acquittal that was properly filed within 14 days after the jury was discharged following a mistrial, the trial court has authority to reconsider that denial." *State v. Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 16. The majority holds that the answer to this inquiry is "no." I disagree. In my view, the court of appeals correctly recognized that the trial court's initial denial of a timely filed Crim.R. 29(C) motion (motion for acquittal after verdict or discharge of jury) was an interlocutory order and that the trial court had inherent authority to subsequently reconsider that denial and grant the motion at any time before final judgment. *Ross* at ¶ 1. I therefore would affirm the judgment of the court of appeals.

{¶ 54} It has long been the law in Ohio that "a trial court has inherent power and authority to reconsider its own interlocutory rulings." *Goldman v. Transp. Leasing, Inc.* (Feb. 19, 1981), Cuyahoga App. No. 42480, citing *Wayne Cty. Natl. Bank v. Predmore-Henry Motor Co.* (1928), 7 Ohio Law Abs. 425, 1928 WL 2686. See also *Olson v. Watson* (1936), 22 Ohio Law Abs. 118, 1936 WL 2084. "Where reconsideration of an interlocutory ruling is in the interests of justice, no rule of law, either statutory or court made, precludes a trial court from reconsidering rulings made during the course of a trial." *Goldman*. This long-established doctrine applies to both civil and criminal cases. *Stow v. Sexton* (Jan. 10, 1996), Summit App. No. 17263, 1996 WL 11985.

{¶ 55} The majority's analysis focuses on "whether a renewed motion for acquittal may be made outside the time limitations of Crim.R. 29(C)." But that is

SUPREME COURT OF OHIO

not the issue. A timely filed motion for acquittal had been filed in this case, and the court had authority to reconsider its initial ruling on that motion at any time before final judgment.

{¶ 56} The fact that the defense filed a renewed defense motion or motion for reconsideration does not change that conclusion. Surely the trial court's authority to reconsider an interlocutory order cannot be divested simply because a party submits a supplemental written filing—which the trial court arguably may in its discretion disregard entirely as not being specifically authorized by the Civil or Criminal Rules. But neither the Civil nor the Criminal Rules bar a trial court from agreeing to consider a motion to reconsider an interlocutory ruling—to do so is within its inherent authority.

{¶ 57} Assume, hypothetically, that defense counsel for Ross had suggested orally during a court proceeding, rather than in a written filing, that counsel continued to believe that there was insufficient evidence to prove Ross's guilt and that the earlier denial of a timely filed motion for acquittal had been wrongly decided. Under the majority's ruling, the trial court could not thereafter review its previous decision, and it would lack the authority to correct a ruling it believed to be erroneous. In fact, the majority would preclude a trial judge from changing its interlocutory ruling sua sponte to correct what it believes to be a mistake. As a trial judge, I sometimes recognized an error in a previous interlocutory ruling, and in that event, I would bring the matter to the attention of counsel and provide an appropriate correction. In my view, when a trial judge realizes it has erred, it is preferable for the judge to correct its mistake promptly rather than to continue with proceedings only to have that error corrected later by the court of appeals. The majority appears to preclude that result, depriving a trial court of appropriate discretionary authority and failing to promote judicial economy.

**{¶ 58}** It is true that pursuant to Crim.R. 45(B), a trial court may not "extend the time for taking any action" authorized by Crim.R. 29. But Crim.R. 29(C) limits only the time for *filing* a motion, not for ruling on it: "[A] motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period." Thus, Crim.R. 45's prohibition against "extend[ing] the time for taking action under * * * Rule 29" means only that a trial court may not enlarge the time for *filing* a motion. The trial court did no such thing in this case.

**{¶ 59}** In summary, Crim.R. 29 itself does not provide any time period for ruling on motions. Thus, there is no deadline for ruling that the court is prohibited from extending under Crim.R. 45(B), and trial courts have inherent authority to reconsider interlocutory orders. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, fn.1. As the court of appeals recognized, the denial of Ross's motion for acquittal was not a final order, as it did not "determine[] the action and prevent[] a judgment," R.C. 2505.02(B)(1), nor did the denial fall within any of the other subparts of R.C. 2505.02(B). *Ross,* 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 12. It was, therefore, an interlocutory order, subject to trial court reconsideration. Id.

**{¶ 60}** There is no convincing policy justification for creating an exception to this general rule. To the contrary, today's decision unnecessarily opens the door to future attacks on a trial court's inherent authority to control its own docket and correct its own interlocutory mistakes in criminal cases. One can only speculate where the slippery slope beginning with today's decision might end.

**{¶ 61}** Accordingly, I dissent.

_____

William D. Mason, Summit County Special Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellant.

Burdon & Merlitti and Lawrence J. Whitney; and Jacob A. Cairns, for appellee.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

_____