[Cite as *State v. Abu-Enjeela*, 2012-Ohio-6275.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 102 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SAMMY ABU-ENJEELA | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Area County
                                Court No. 4 of Mahoning County, Ohio
                                Case No. 10 CRB 858

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                Mahoning County Prosecutor
                                Atty. Ralph M. Rivera
                                Assistant Prosecuting Attorney
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio  44503

For Defendant-Appellant:         Atty. Mark A. Hanni
                                839 Southwestern Run
                                Youngstown, Ohio  44514


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                Dated:  December 18, 2012

WAITE, P.J.

{¶1} Sammy Abu-Enjeela ("Appellant") appeals his conviction for drug possession. In his first assignment of error, Appellant argues that the trial court erred when it overruled his motion to suppress the evidence obtained from a patdown search. The investigating officer found a bag of marijuana in Appellant's back pocket as a result of the search. The record indicates that the search was justified because the investigating officer smelled burning marijuana coming from the driver's side of Appellant's vehicle while he was in the car and after he exited it, and because there were exigent circumstances allowing for a warrantless search. *See State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000). In his second assignment of error, Appellant argues that the court erred by failing to immediately rule on a Crim.R. 29(A) motion for judgment of acquittal made at the close of the state's case. Appellant is correct that the judge should have immediately ruled on the motion, but the error was harmless because the state had presented sufficient evidence going to all the essential elements of the case at the time the motion was made. The judgment of conviction is affirmed.

### Background

{¶2} On July 30, 2010, Officer Chris Collins of the Austintown Police Department was patrolling the parking lot of the 76 Truck Stop on foot when he noticed the distinct smell of marijuana coming from Appellant's vehicle. He approached the vehicle and asked Appellant to step out of the car. Officer Collins then searched Appellant for drugs and discovered a bag of marijuana. Officer Collins proceeded to search Appellant's car and found three marijuana cigarettes and a

marijuana blunt in the car. Appellant was charged with possessing drug paraphernalia, in violation of R.C. 2925.14(A), a fourth degree misdemeanor, and drug possession in violation of R.C. 2925.11(A), a minor misdemeanor.

{¶3} On January 14, 2011, Appellant filed a motion to suppress, and a hearing on the motion was held on March 9, 2011. Officer Collins testified that he was patrolling on foot in the parking lot at about 2:15 a.m. Collins smelled a distinct odor of burnt marijuana coming from the driver's side window of Appellant's vehicle. Appellant was the only person in the vehicle and was sitting in the driver's seat. Collins asked Appellant to step out of the car. Collins continued to smell burning marijuana coming from Appellant and the vehicle after Appellant exited the vehicle. Collins searched Appellant's person for drugs and discovered a bag of marijuana in his back pocket. Collins subsequently searched Appellant's vehicle and found three marijuana cigarettes and a "Swisher Sweets" cigar that, after it is hollowed out, is used as a vessel to smoke marijuana (called a "blunt"). Collins was the only officer present when these searches took place. Appellant was charged with drug possession, and a further charge of possession of drug paraphernalia based on the seizure of the blunt from Appellant's vehicle.

{¶4} At the conclusion of the suppression hearing, the court held that any evidence found on Appellant's person was admissible but any evidence found in Appellant's car was not admissible. After the suppression hearing, the drug paraphernalia charge was dismissed. The drug possession charge was heard at a bench trial on May 25, 2011. After the state finished presenting its side of the case,

the defense made a Crim.R. 29 motion for acquittal. The court did not immediately rule on Appellant's motion, but instead decided to take the Crim.R. 29 motion under advisement. At the conclusion of the bench trial, Appellant was found guilty of the minor misdemeanor drug possession charge. The trial court fined Appellant $150.00 plus costs and ordered a license suspension for 180 days. The court filed its judgment on May 25, 2011, and this timely appeal was filed on June 21, 2011. Appellant was granted a stay by the trial court on June 24, 2011. Appellee has not filed an appeal in this matter, and thus, the trial court's decision to suppress the evidence seized from Appellant's vehicle is not under review in this appeal. The matters under review involve the search of Appellant's person.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DEEMED EVIDENCE STEMMING FROM THE SEARCH OF APPELLANT ADMISSIBLE, BECAUSE THE SEARCH "EXCEEDED THE SCOPE PERMITTED BY *TERRY*." *STATE v. THOMAS*, 1999 WL 4164.

**{¶5}** Appellant's first assignment of error challenges part of the trial court's ruling on a motion to suppress. In ruling on a motion to suppress, the trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994). Accordingly, when we review suppression decisions, "we are bound to accept the trial court's findings of fact

if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.; see also, State v. Culberson,* 142 Ohio App.3d 656, 660, 756 N.E.2d 734 (7th Dist.2001).

**{¶6}** Appellant contends that Officer Collins did not conduct a legal patdown search for weapons, and for that reason, the marijuana evidence found as part of the search of his person should have been suppressed. If an officer has reasonable suspicion that a stopped individual is armed and dangerous, he may conduct a limited protective patdown search for concealed weapons. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *State v. Evans*, 67 Ohio St.3d 405, 408, 618 N.E.2d 726 (1993), citing *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1923, 32 L.Ed.2d 612 (1972).

**{¶7}** Although *Terry* limits the scope of a patdown search to weapons, the discovery of other contraband during a *Terry* search will not necessarily preclude its admissibility. The "plain feel" and "plain view" doctrines allow a police officer to seize contraband during a *Terry* patdown search so long as its nature as contraband is immediately apparent. *State v. Cobb*, 12th Dist. Butler No. CA2007-06-153, 2008-Ohio-5210, ¶30, citing *State v. Halczyszak*, 25 Ohio St.3d 301, 303, 496 N.E.2d 925 (1986). "[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson*,

508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). If, on the other hand, the incriminating character of the contraband is not immediately apparent, it may not be seized. *Id.* "[O]nce the officer determines the object detected * * * is not a weapon, the search must stop unless probable cause and exigent circumstances exist." *State v. Eatmon*, 5th Dist. No.2009 CA 0045, 2010-Ohio-5092, ¶41, citing *Dickerson* at 375. The underlying rationale for a *Terry* search must be the safety of the officer and not the discovery of evidence of a crime.

**{¶8}** Appellant relies on *State v. Thomas,* 5th Dist. No. 1998CA00143, 1999 WL 4164 (Nov. 7, 1998), in support of his theory that the search exceeded the scope of a proper search under *Terry.* In *Thomas*, the officer admitted that the patdown search was for the purpose of discovering not only weapons, but also drug contraband. The Fifth District held that the search exceeded the limits of a *Terry* search even though the officer had reasonable suspicion of criminal activity and was permitted to search the suspect for weapons. We have similarly held that "[a]n officer cannot conduct a protective search as a pretext for a search for contraband, a search for convenience, or as part of his or her normal routine or practice." *State v. Stamper*, 7th Dist. No. 03-MA-144, 2004-Ohio-5366, ¶12.

**{¶9}** It is apparent from Officer Collins' testimony that he was not conducting a *Terry* patdown search when he found the marijuana in Appellant's back pocket. He specifically testified that he was not searching for weapons. Thus, for the search to be legal under the Fourth Amendment, there must be some other justification for it other than *Terry* and the related law governing patdown searches for weapons.

**{¶10}** Appellee cites in response the case of *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000), syllabus. In *Moore*, an Ohio State Highway Patrolman stopped a vehicle after observing the vehicle drive through a red light. The patrolman detected a strong odor of fresh burnt marijuana emanating from the vehicle after the driver rolled down the window. The patrolman asked defendant to exit the vehicle and continued to notice the odor coming from the vehicle and driver. The defendant could not explain the odor and denied having any illegal substances. The patrolman proceeded to search the defendant and discovered drug paraphernalia in one of the defendant's pockets. The patrolman admitted that it was not a patdown search for weapons and that he was not in fear for his safety. *Id.* at 51-52. He also searched the defendant's vehicle and discovered a burnt marijuana cigarette in the ashtray. The defendant was charged with misdemeanor counts of drug possession and drug paraphernalia. The defendant attempted to suppress both the evidence from the search of the person and of the vehicle.

**{¶11}** *Moore* held that "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *Id.* at syllabus.

**{¶12}** Even though there was probable cause to conduct a search, the Supreme Court in *Moore* further reviewed whether a warrantless search of the defendant's person was permitted under the circumstances. The Court noted that the "overriding function of the Fourth Amendment is to 'protect personal privacy and dignity against unwarranted intrusion by the State.' *Schmerber v. California* (1966),

384 U.S. 757, 767, 86 S.Ct. 1826, 1834, 16 L.Ed.2d 908, 917. Therefore, in the absence of an exception to the warrant requirement, the search of defendant's person is unlawful." *Id.* at 51. The *Moore* Court did not apply the automobile exception to the warrant requirement to justify the search of the defendant's person, and *Moore* concluded that the search was not incidental to an arrest. Instead, the Court focused on whether exigent circumstances justified the search of the defendant's person. The Court noted that under the exigent circumstances exception, a warrantless search is justified if there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted. *Id.* at 52, citing *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973); *see also*, *McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and *Ker v. California*, 374 U.S. 23, 41-42, 83 S.Ct. 1623, 1634, 10 L.Ed.2d 726 (1963). *Moore* reasoned that, "[b]ecause marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may be justified to preserve evidence." *Moore* at 52.

{¶13} The *Moore* Court examined the circumstances of the stop and found that exigent circumstances did exist to conduct a warrantless search of the defendant:

Sergeant Greene was alone at the time he stopped defendant's vehicle. He had probable cause to believe that defendant had been smoking marijuana from the strong odor of burnt marijuana emanating from the

vehicle and on the defendant. In order to obtain a warrant before searching defendant's person for possible narcotics, he would have had to permit defendant to leave the scene in defendant's vehicle. Having to permit defendant to leave the scene alone, unaccompanied by any law enforcement officer, the dissipation of the marijuana odor, and the possible loss or destruction of evidence were "compelling reasons" for Sergeant Greene to be able to conduct a warrantless search of defendant's person. We find these to be exigent circumstances that would justify the warrantless search of defendant's person.

*Id.* at 52-53.

**{¶14}** In the instant case, Officer Collins testified that he was experienced with narcotics investigations and arrests, had been a police officer for 15 years, and was trained in detecting the odor of marijuana. He testified that the area where Appellant was parked was a high crime area, and that it was specifically a high drug-crime area. The area around the vehicle was well-lit, and Collins saw that Appellant was the only person in the vehicle and was sitting in the driver's seat. As Officer Collins approached Appellant's car, he "smelled the deep burning odor of marijuana." (3/9/11 Tr., p. 7.) Appellant was sitting in the driver's seat of his vehicle with the driver's side window down. Officer Collins walked directly to driver's side window of Appellant's vehicle, and that is where he smelled the odor of marijuana. Collins asked Appellant to step out of the vehicle, and he continued to smell burnt marijuana near Appellant and the driver's side of the vehicle. Officer Collins then searched

Appellant for narcotics, and he found a plastic bag containing marijuana in his back rear pocket. Collins was patrolling alone at the time he questioned and searched Appellant.

{¶15} The facts of this case fit squarely into the fact-pattern of *Moore*. Officer Collins smelled a strong odor of burning marijuana coming from the driver's side of Appellant's vehicle. Appellant was the only person in the vehicle and was sitting in the driver's seat. Officer Collins continued to smell burning marijuana coming from Appellant and the vehicle after Appellant exited the vehicle. If Collins were not permitted to conduct an immediate search at the scene of the crime, Appellant would have driven away and the marijuana evidence could have been immediately discarded or destroyed, just as in *Moore*. Therefore, the search of Appellant's person was legal because there was probable cause to conduct the search and exigent circumstances existed to allow for a warrantless search. This assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DECLINED TO RULE ON APPELLANT'S CRIMINAL RULE 29 MOTION AT THE CONCLUSION OF THE STATE'S CASE.

{¶16} Appellant argues that the trial court may not reserve ruling on a Crim.R. 29(A) motion for judgment of acquittal made at the close of the state's case. Appellant contends that he made a proper Crim.R. 29(A) motion for acquittal at the conclusion of the state's case. Appellant proposes that if the trial court had

immediately ruled on the motion, it would have determined that the state had not presented sufficient evidence to sustain a conviction. The state argues in rebuttal that Appellant was not prejudiced by the court's failure to rule on the motion because the state had, in fact, produced sufficient evidence to support the conviction. The state is correct and Appellant's argument is meritless.

{¶17} The standard employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." A Crim.R. 29(A) motion for acquittal challenges the sufficiency of the evidence. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶63-64. Sufficiency of the evidence is the legal standard applied to determine whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the

syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

**{¶18}** The appellate court is to consider all of the testimony before the jury, whether or not it was properly admitted, when determining the sufficiency of the evidence. *State v. Peeples*, 7th Dist. No. 07 MA 212, 2009-Ohio-1198, ¶17, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶80.

**{¶19}** Crim.R. 29(A) states that "[t]he court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." Thus, it was error for the trial court to postpone ruling on the motion. *State v. Ross*, 128 Ohio St.3d 283, 943 N.E.2d 992, ¶37. A trial court's failure to immediately rule on a Crim.R 29(A) motion for acquittal is reviewed for harmless error. *State v. Martauz*, 7th Dist. No. 08-MA-177, 2009-Ohio-3247, ¶42. "[S]uch error [is] harmless in a bench trial if at the time the motion for acquittal was made the existing evidence was sufficient to sustain the conviction." *State v. Shepherd*, 8th Dist. Nos. 56281, 56282, 1989 WL 142380, *1 (Nov. 22, 1989); *see also*, *City of Miamisburg v. Turner*, 2d Dist. No. 17928, 2000 WL 17928 (Feb. 11, 2000); *State v. Cayse*, 4th Dist. No. 98CA02, 1999 WL 2437 (Dec. 30, 1998).

**{¶20}** Appellant contends that the state did not establish all the elements of the crime of drug possession because Officer Collins' testimony at trial was not credible. Appellant posits that Collins contradicted some of the statements he made at the suppression hearing, and for that reason, was not a reliable witness. A review

of a Crim.R. 29(A) motion is not a review of credibility, but a review of sufficiency, and thus, Appellant's argument is not well-taken.

**{¶21}** At trial, Appellant was charged with and convicted of possession of drugs in violation of R.C. 2925.11(A) and (C)(3)(a). R.C. 2925.11(A) states: "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C)(3)(a) defines the crime as a minor misdemeanor if the illegal substance is marijuana and the amount is less than 100 grams. Officer Collins testified that he searched Appellant and found a bag of marijuana in his back pocket. The state submitted three exhibits through Officer Collins that established that the substance found on Appellant's person was marijuana. Appellant was identified as the person who had marijuana on his person when he was searched by Officer Collins. The fact that Appellant "knowingly" possessed the marijuana found in his back pocket can be inferred from the totality of circumstances. These facts, when looked at most favorably from the perspective of the prosecution, establish a violation of R.C. 2925.11. Therefore, there was sufficient evidence to convict Appellant at the close of the state's case, and the trial court's error in not immediately ruling on the Crim.R. 29(A) motion to acquit is harmless. Appellant's second assignment of error is overruled.

## CONCLUSION

**{¶22}** Appellant has failed to establish any error in Office Collins' patdown search which uncovered a bag of marijuana in Appellant's back pocket. The search was justified under the holding of *Moore*, *supra*, because the officer smelled the odor

of burnt marijuana coming from Appellant and his vehicle, and because exigent circumstances allowed for a warrantless search. Appellant is correct that the trial court should have immediately ruled on his Crim.R. 29(A) motion to acquit, but the error is harmless because the state presented sufficient evidence to convict Appellant at the conclusion of its case in chief. Both of Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.