[Cite as *State v. Mitchell*, 2016-Ohio-7674.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

State of Ohio,                          :

    Plaintiff-Appellee,              :    Case No. 16CA12

    v.                               :

Porter Mitchell,                        :    **<u>DECISION AND JUDGMENT ENTRY</u>**

    Defendant-Appellant.             :    **RELEASED: 11/03/16**

                              :

_____

HOOVER, J.

{¶1}    Appellant Porter Mitchell filed an appeal from a trial court order denying his motion for an acquittal under Crim.R. 29(C). Because the entry being appealed may not be a final appealable order, we directed Mitchell to file a memorandum addressing the jurisdictional issue.  Mitchell responded and acknowledged the general rule that a denial of a motion for acquittal is not a final appealable order, even when made after a hung jury mistrial. However, he argues that he made his motion for acquittal after a "jury misconduct" mistrial, not a "hung jury" mistrial. Mitchell argues that this distinction is significant and that the trial court's denial of his motion is a final, appealable order. However, Mitchell cites no case law to support his argument. We find no such distinction in the case law. An order denying a motion for an acquittal is not a final, appealable order. We lack jurisdiction over this appeal and **DISMISS** it.

<u>Procedural Background</u>

{¶2}    Mitchell was charged with several counts of drug possession and having

weapons while under disability. The state presented its case and the jury deliberated for approximately 11 hours. During the deliberations, the trial court dismissed the jury and declared a mistrial.  Although the reason for the mistrial is not in the record before us, Mitchell states that the mistrial occurred because the jurors consulted law books and jury instruction books instead of seeking answers from the judge. In its entry granting a mistrial, the court stated that a second jury trial would be scheduled at a later date.

**{¶3}**    Mitchell filed a motion for acquittal under Crim.R. 29(C). The trial court denied it citing conflicting testimony between witnesses and finding that witnesses' credibility was a determination for the jury. Mitchell appealed. We sua sponte raised the question whether an order denying a motion for an acquittal under Crim.R. 29(C) is a final, appealable order.

## Legal Analysis

**{¶4}**    "The requirement of a final, appealable order is equally important in both civil and criminal cases. 'An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.' " *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

**{¶5}**    "R.C. 2953.02 authorizes appellate courts to review the judgment or final order of a trial court in a criminal case." *Anderson* at ¶ 29.  Appellate courts apply R.C. 2505.02 and its definition of "final order" to determine whether the order issued by the trial court in a criminal proceeding is a final, appealable order. *Id.*

**{¶6}** The question here is whether the denial of a motion to acquit under Crim.R. 29(C) is a final, appealable order under R.C. 2505.02.

The relevant provisions of R.C. 2505.02 provide:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

*          *          *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

*          *          *

**{¶7}** An order denying a motion for an acquittal is not a final order under the first provision of R.C. 2505.02(B)(1) because it does not determine the defendant's guilt or prevent a judgment.

**{¶8}** The order is not a final order under the second provision of R.C. 2505.02(B)(2) because it does not "affect a substantial right." "Substantial right" is defined in R.C. 2505.02(A) as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Although a defendant has a substantial right to the protections

afforded under the rules of criminal procedure, in order to be a final order, the order must be one that "affects" a substantial right. An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future or prejudices one of the parties involved. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). Here, the trial court's denial of his motion for acquittal does not foreclose appropriate relief in the future or prejudice Mitchell. He has appropriate relief and may prevail in the future at a second trial. Because the order does not affect a substantial right, we need not analyze whether it was made in a "special proceeding".

**{¶9}** In *State v. Alderman*, 4th Dist. Athens No. CA1433, 1990 WL 253034 (Dec. 11, 1990) we held that a denial of a motion for acquittal is not a final, appealable order even when made after a hung jury mistrial. *Id* at *4; s*ee also State v. Leece,* 12th Dist. Butler No. CA89-06-084, 1990 WL 49993, *2 (Apr. 23, 1990)(" the denial of a motion to acquit on the basis of insufficient evidence is not a final appealable order"). *Alderman* and *Leece* relied on federal cases that interpreted the federal statute governing final orders and were decided before the 1998 amendments to R.C. 2505.02.

**{¶10}** In 1998, the General Assembly amended R.C. 2505.02. 1998 Sub.H.B. No. 394, 147 Ohio Laws, Part II, 3277, 3278. The prior language of R.C. 2505.02 "was more restrictive concerning what constitutes a final, appealable order than the one currently in effect." *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 7. Among other changes, R.C. 2505.02(B)(4) now contains an expanded definition of a "final order" and includes orders that grant or deny a "provisional remedy" and otherwise satisfy certain specified criteria.

**{¶11}** An order is a final, appealable order under R.C. 2505.02(B)(4) if (1) the order grant or deny a provisional remedy as that term is defined in the statute, (2) the order in effect determines the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action. *Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 42.

**{¶12}** A "provisional remedy" for purposes of defining "final order" is "a proceeding ancillary to an action." R.C. 2505.02(A)(3). The term "ancillary proceedings" is not defined in the statute and is given its plain, common, ordinary meaning. *See* R.C. 1.42.

> "[F]or purposes of R.C. 2505.02(A)(3)' s definition, '[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.' " An ancillary proceeding is an "ancillary suit," i.e., "[a]n action, either at law or in equity, that grows out of and is auxiliary to another suit and is filed to aid the primary suit, to enforce a prior judgment, or to impeach a prior decree."

(Citations omitted.) *Anderson* at ¶ 47.

**{¶13}** A motion for acquittal is not an ancillary proceeding. It does not "grow out of" the primary suit, but is directly connected to the substantive issues at trial and has everything to do with the prosecution's case and the question of the defendant's guilt. Because a motion for acquittal is not an ancillary proceeding, we end our analysis and need not consider the remaining two requirements in R.C. 2505.02(B)(4). *State v. Muncie*, 90 Ohio St.3d 440, 446, 2001-Ohio-93, 746 N.E.2d 1092 (each part of the three-part test must be satisfied under R.C. 2505.02(B)(4) for an order to be a final, appealable order).

**{¶14}** Since 1998, several other appellate districts have held that a denial of a motion for acquittal is not a final appealable order. *See State v. Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 14 (9th Dist.), quoting *State v. Abboud,* 8th Dist. Cuyahoga Nos. 80318 and 80325, 2002-Ohio-4437, ¶ 8 (" 'The denial of a motion for judgment of acquittal prior to final sentencing is an interlocutory order. Accordingly, the trial court was permitted to "revisit" the order that denied [the defendant's] motion for acquittal' "); *see also State ex rel. DeWine v. Burge*, 128 Ohio St.3d 1230, 2011-Ohio-1755, 948 N.E.2d 954, ¶ 26 (Lanzinger, J., dissenting)(in dicta stating that trial court orders on motions for acquittal are interlocutory).

**{¶15}** Although Mitchell argues that an order denying a motion for acquittal after the trial court declares a mistrial based on "jury misconduct" is different and should be considered final, he cites no cases to support his argument. The facts in *Ross, supra* are similar and *Ross* does not support Mitchell's position. In *Ross, supra,* the trial court declared a mistrial after the jury foreperson wrote the trial judge a note expressing concerns about statements and actions of one of the jurors. Ross filed a timely motion for acquittal and the trial court denied it.  Later the trial court reconsidered the motion for acquittal and granted it as to some charges but denied it as to others. The state appealed arguing that the trial court could not reconsider its prior order denying the acquittal. The Ninth District Court of Appeals found that the trial court's initial denial of Ross's motion for acquittal was not a final judgment:

> It did not, "in effect[,] determine[ ] the action and prevent[ ] a judgment." R.C. 2505.02(B)(1). Nor did it fall within any of the other subparts of R.C. 2505.02(B). Rather, the trial court's initial denial of Ross's renewed motion for acquittal was an interlocutory order.

*Ross* at ¶ 12. The Ninth District then held that the trial court did not err in reconsidering its decision on the acquittal motion. "[U]nless orders denying motions for acquittal are different from other interlocutory orders, a trial court has authority to reconsider them." *Id.* at ¶ 17.

{¶16} The state appealed to the Supreme Court of Ohio and the Court addressed the narrow issue whether a trial court may reconsider a ruling denying a timely filed Crim.R. 29(C) motion for acquittal and grant the motion based on a defendant's renewed motion filed after the 14–day period in Crim.R. 29(C) has expired. *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992. The Court held that the trial court had erred in reconsidering its initial denial of Ross's motion for acquittal, because the renewed motion was filed well outside the 14–day period established by Crim.R. 29(C) for filing such motions. *Id.* at ¶ 49.

{¶17} Notably in its decision, the Supreme Court of Ohio did not expressly address, question, or criticize the Ninth District's underlying holding that an order denying a motion for an acquittal an interlocutory order. Instead, the Court appeared to implicitly agree with the first part of the Ninth District's holding that the order was interlocutory, but found that despite its interlocutory nature, the trial could not reconsider its prior order where the defendant filed a "renewed motion" for acquittal outside the timeframe of Crim.R. 29(C). *Id* at ¶25-40; *see also Id.* at ¶ 53-56 (Brown, C.J., dissenting)(arguing that a trial court's ability to reconsider an interlocutory order is not divested simply because a party submits a supplemental filing). Implicit in both the

majority and the dissenting opinions is the underlying consensus that an order denying a motion for acquittal is an interlocutory order – not a final, appealable order.

**{¶18}** Because an order denying a motion for an acquittal is not a final, appealable order under R.C. 2505.02, we lack jurisdiction to consider this appeal.

**{¶19} APPEAL DISMISSED.**

**{¶20}** The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail. **IT IS SO ORDERED.**

Abele, J. and McFarland, J.: Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge