[Cite as *State v. Lanier*, 2019-Ohio-3568.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

      Plaintiff-Appellant/
      Cross-Appellee,              :

                                          Nos. 107547, 107548,
                                          and 107604

      v.                           :

TERRENCE LANIER, JR., ET AL.              :

      Defendants-Appellees/
      Cross-Appellants.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED, CROSS-APPEAL DISMISSED,
               AND REMANDED
**RELEASED AND JOURNALIZED:** September 5, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-623176-A and CR-17-623176-B

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Brian D. Kraft, and Maxwell Martin, Assistant Prosecuting Attorneys, *for appellant and cross-appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe and John T. Martin, Assistant Public Defenders; Marein and Bradley, Steven L. Bradley and Cal E. Cumpstone, *for appellees and cross-appellants.*

LARRY A. JONES, SR., J.:

{¶ 1}   In this consolidated appeal, we are called on to consider the trial court's rulings on posttrial motions that were rendered after a jury trial. Plaintiff-appellant the state of Ohio appeals the judgment granting the defendants-appellees Terrance Lanier ("Lanier") and Justin Robinson ("Robinson") a new trial, and defendants-appellees/cross-appellants appeal the denial of their motion for a post-verdict judgment of acquittal.[1] For the reasons that follow, we affirm the trial court's judgment granting the defendants' motion for a new trial, and we dismiss the defendants' cross-appeal.

**Procedural and Factual History**

{¶ 2}   In November 2017, Lanier and Robinson were charged with the following crimes relative to a shooting that resulted in the death of Tyreese Neal ("Neal"): Count 1, murder of Neal; Counts 2 and 3, felonious assault of Neal; Count 4, felonious assault of John Doe; and Count 5, discharge of a firearm on or near prohibited premises. Count 6, which related solely to Robinson, was for having weapons while under disability. Counts 1 through 5 contained one-, three-, and five-year firearm specifications.

{¶ 3}   The jury trial commenced in May 2018 (except for the having weapons while under disability count against Robinson, which was tried to the

---

[1] Lanier filed the motion in the trial court and Robinson joined in the motion at the hearing. Lanier filed the cross-appeal, and Robinson again joins in on Lanier's argument.

bench).  The following pertinent facts were adduced at trial.  The victim, Neal, had been driving a vehicle in Cleveland, and Lanier and Robinson were passengers in it. As he was driving, Neal was shot in the head, on his left side, and later died from his injuries.

{¶ 4}  The Cleveland police processed the crime scene.  The police found and retrieved a Kel-Tech model PLR-16 5.56 mm semiautomatic firearm, a cell phone, 15 9 mm cartridge cases, eight .40-caliber cartridge cases, one .223-caliber cartridge case, one damaged bullet, and two metal fragments.  The firearm was swabbed for DNA (the trigger was not swabbed, however).  Analysis of the swab demonstrated five sources of DNA on the weapon, two of which were Lanier's and Robinson's.  The state's DNA expert testified that there was no way to determine when the defendants' DNA got on the weapon.  He also testified that the presence of their DNA did not mean that they fired the weapon.

{¶ 5}  The vehicle was also processed.  There were seven bullet defects to the vehicle, and one damaged spent bullet was located inside the vehicle.  The defects on the vehicle suggested that the bullets had been fired into the vehicle, as opposed to them being fired from inside the vehicle.  Only one shot was identified as being fired from the Kel-Tech weapon; according to the state's expert, the weapon jammed after one shot was fired.

{¶ 6}  The state's theory of the case was that Lanier and Robinson (along with the victim, Neal) were complicit in a "shootout."  Specifically, the state believed that an individual shot at the subject vehicle, and then Lanier or Robinson fired back

with the Kel-Tech weapon; Count 4 charged the defendants with felonious assault of this John Doe shooter, and Count 5 was for shooting on or near prohibited premises. Lanier and Robinson maintained that they were victims of this drive-by shooting, however.

{¶ 7} After the presentation of the state's case, the defense made a Crim.R. 29 motion for judgment of acquittal as to all counts. The trial court denied the motion and the case was submitted to the jury. The jury returned not guilty verdicts on the murder, felonious assault, and attendant firearm specifications. It found the defendants guilty of a lesser included offense of Count 5, that is, discharging a firearm upon or over a public highway, causing a substantial risk of physical harm to another person or a substantial risk of serious physical harm to property; the jury also found the defendants guilty of the one- and three-year firearm specifications, but not guilty of the five-year drive-by shooting firearm specification.[1] The court found Robinson not guilty of Count 6, having weapons while under disability, stating that it could not "find beyond a reasonable doubt that [Robinson] had carried or used the firearm in question, that Kel-Tech weapon at the time of the offense."

{¶ 8} Post-verdict, Lanier filed a motion for a new trial; Robinson joined in the motion. Lanier also filed a motion for judgment of acquittal based on insufficient evidence; Robinson joined in on that motion too. The trial court granted the motion for a new trial, stating that it was doing so on the ground that the conviction was

---

[1]The original charge was discharging a firearm upon or over a public road/highway, causing serious physical harm to Neal.

against the manifest weight of the evidence. The trial court denied the defendants' motion for a judgment of acquittal.

## Assignments of Error

<u>State's Appeal</u>

Assignment of Error I: The trial court erred in granting a new trial under a manifest weight of the evidence standard because Crim.R. 33 does not authorize a court to grant a new trial on the basis that the conviction was against the manifest weight of the evidence.

Assignment of Error II: Assuming that the trial court was authorized to grant a new trial under Crim.R. 33, the verdict was not contrary to law.

<u>Defendants' Cross-Appeal</u>

Cross-Assignment of Error I: The trial court erred when it failed to enter a post-verdict judgment of acquittal.

## Law and Analysis

{¶ 9} The defendants' motion for a new trial was made under Crim.R. 33(A)(4), which provides that a new trial in a criminal case may be granted when a "verdict is not sustained by sufficient evidence or is contrary to law." Alternatively, the defendants sought to have the trial court grant a new trial on the ground that the verdict was against the manifest weight of the evidence. There is no provision in Crim.R. 33 specifically allowing for a new trial based on manifest weight of the evidence, but the defendants cited *State v. Monroe*, 8th Dist. Cuyahoga No. 92291,

2009-Ohio-4994, in which this court upheld the trial court's judgment granting a new trial on a manifest-weight-of-the-evidence ground.[2]

{¶ 10} In this appeal, the state contends that although Crim.R. 33 allows for a new trial based on lack of sufficient evidence, it does not allow for one on the basis of the manifest weight of the evidence, and that was the ground on which the trial court here granted the new trial. The state further contends that the "contrary to law" language contained in Crim.R. 33(A)(4) "implicates a legal question as opposed to a factual determination," and thus, does not support a new trial on a manifest-weight-of-the-evidence basis. The state contends here that its concession in *Monroe* was in error.

{¶ 11} Our review of the record demonstrates that the trial court inartfully framed its rationale for granting the defendants' motion for new trial. Specifically, although the trial court stated that it was granting the motion on the ground that the verdict was against the manifest weight of the evidence, it really granted the motion because it found that the evidence was insufficient. The court reasoned as follows:

> [T]here was no evidence, direct evidence, or even circumstantial evidence * * * that would put the defendants in possession of the weapons that were fired or were firing in that direction. It was insufficient evidence, in the Court's view, to support that jury's verdict as to the lesser included offense simply because there was no evidence of the defendants actually shooting a weapon or who they were shooting the weapon at, even if they were shooting. So I'm going to * * * deny the motion for judgment of acquittal * * *, but I will grant the motion for a new trial * * *."

---

[2]In *Monroe*, the state conceded at oral argument that a verdict against the manifest weight of the evidence is contrary to law. *Id.* at ¶ 29.

{¶ 12} In light of the above, the court's rationale for granting a new trial was that the evidence was insufficient, and we need not consider the state's contention that the court improperly granted the new trial on a manifest-weight-of-the-evidence basis.

{¶ 13} In regard to the defendants' cross-appeal, the denial of a motion for an acquittal under Crim.R. 29(C) is not a final appealable order. *State v. Abboud*, 8th Dist. Cuyahoga Nos. 80318 and 80325, 2002-Ohio-4437, ¶ 8; *State v. Mitchell*, 4th Dist. Gallia No. 16CA12, 2016-Ohio-7674, ¶ 14; *State v. Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 14 (9th Dist.); *State v. Leece*, 12th Dist. Butler No. CA89-06-084, 1990 Ohio App. LEXIS 1557, 5 (Apr. 23, 1990), citing *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

{¶ 14} In conclusion, the state's appeal is not well taken, the defendants' cross-appeal is dismissed, and the trial court's judgment is affirmed. The case is remanded to the trial court for a new trial on Count 5.

It is ordered that costs herein taxed be equally divided.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH
SEPARATE OPINION

SEAN C. GALLAGHER, P.J., CONCURRING WITH SEPARATE OPINION:

{¶ 15} I fully concur with the majority's decision to affirm. I write separately solely to highlight the fact that the defendants' argument — which asserts that the finding of insufficient evidence under Crim.R. 33(A)(4) must result in an acquittal as contemplated under Crim.R. 29(C) — would effectively nullify Crim.R. 33(A)(4) altogether and is based on a claim that Crim.R. 33(A)(4) violates double jeopardy constitutional principles. *See, e.g., State v. Snowden*, 11th Dist. Ashtabula No. 2008-A-0014, 2008-Ohio-6554, ¶ 25. The defendants have not briefed the constitutional implications of Crim.R. 33(A)(4), which authorizes the trial court to grant a new trial based on a finding of insufficient evidence, and any such discussion would be outside the scope of this appeal.

{¶ 16} In this regard, Crim.R. 33(A)(4) expressly authorizes a trial court to grant a new trial based on insufficient evidence following the return of a guilty verdict. Thus, it cannot be error for the trial court to act in the manner it did in this case. If the defendants' argument were to be accepted, no trial court would ever be

authorized to grant a new trial based on insufficient evidence; the result would always be an acquittal. However, it is noteworthy that Crim.R. 29(C) is discretionary. A court "may" enter a judgment of acquittal based on insufficient evidence. Although it would be tempting to read the word "may" in the mandatory sense, the drafters were aware of the difference between "may" and "shall." In fact, Crim.R. 29(A) mandates that the trial court "shall" enter a judgment of acquittal if the court finds that there is insufficient evidence after the close of either side's case in chief. The fact that the drafters shifted to a discretionary phrasing in Crim.R. 29(C) cannot be overlooked.

{¶ 17} There may be an answer to the overlap between Crim.R. 29(C) and 33(A)(4) forthcoming. In *State v. Ramirez, 09/26/2018 Case Announcements*, 2018-Ohio-3867, 108 N.E.3d 82, the Ohio Supreme Court accepted the following question for review: Crim.R. 33(A)(4) should not be interpreted to provide a remedy of a "final verdict" instead of a "new trial" because that interpretation requires the conclusion that the remedy offered is unconstitutional and further precludes appellate review of any remedy granted pursuant to that provision. In part, the case hinges on interpreting Crim.R. 29(C) and 33(A)(4) because both rules provide for review of insufficient evidence but disagree as to the remedy.

{¶ 18} Until the Ohio Supreme Court resolves the disparate remedies afforded by the rules, courts should adhere to a plain reading of Crim.R. 33(A)(4) — a trial court is authorized to grant a new trial based on insufficient evidence upon

the defendant's express request.  Regardless, I fully concur with the majority's decision.